1

2

3

4

5                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
6                                        AT SEATTLE

7    JOSEPH C. HUGHES,

8              Plaintiff,                              CASE NO.  C05-0720RSM

9         v.

10   GARY A. PRICE, *et al.*,                          ORDER DENYING MOTION
                                                       FOR PRELIMINARY
11             Defendants.                               INJUNCTION

12

13        This matter comes before the Court on plaintiff's Emergency Motion for Preliminary

14   Injunction.  (Dkt. #2).  Plaintiff essentially argues that the LMRDA guarantees free speech

15   during union elections, and therefore the union's new rules violate § 101(a)(2) of the statute.

16   (Dkt. #2 at 10-22).  He asserts that he will be severely and irreparably injured if he is denied the

17   right to speak to his fellow union members to solicit their support for the upcoming election.

18   (Dkt. #2 at 22-23).

19        Defendant responds that IBEW's rules fully comply with the LMRDA and applicable

20   Supreme Court precedent, because they are reasonable, First Amendment standards do not

21   apply to plaintiff's LMRDA rights, the Department of Labor reviewed and consented to the

22   rules prior to the union's adoption, and members of the IBEW democratically adopted the rules.

23   (Dkt. #11 at 6-9).  Defendant further argues that the rules are fairly applied to both incumbent

24   candidates and insurgent candidates.

25

26   ORDER
     PAGE – 1

1      Having reviewed plaintiff's Emergency Motion for Preliminary Injunction (Dkt. #2),

2  defendants' opposition (Dkt. #11), plaintiff's reply (Dkt. #17), defendants' surreply requesting

3  that this Court strike the Paff and Benson affidavits submitted in response to plaintiff's reply, the

4  declarations in support of those briefs, and having considered the oral arguments presented to

5  this Court on May 10, 2005, and the remainder of the record, the Court does hereby find and

6  ORDER:

7      (1)  Plaintiffs' Emergency Motion for Preliminary Injunction (Dkt. #2) is DENIED.  To

8  obtain a preliminary injunction, plaintiff must demonstrate either: (1) probable success on the

9  merits and the possibility of irreparable harm; or (2) that serious questions have been raised and

10  the balance of hardships tips in his favor.  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004,

11  1013 (9th Cir. 2001).  Plaintiff has not met this burden.

12      The U.S. Supreme Court has held that the reasonableness standard set forth in *United*

13  *Steelworkers of America v. Sandowski*, 457 U.S. 102, 111 (1982), applies to the election rule.

14  The *Sandowski* Court also specifically held that First Amendment principles are not controlling

15  when examining the scope of § 101(a)(2).  *Sandowski*, 457 U.S. at 109 (explaining that "[i]n

16  light of the legislative history, we do not believe that § 101(a)(2) should be read as incorporating

17  the entire body of First Amendment law, so that the scope of protections afforded by the statute

18  coincides with the protections afforded by the Constitution.").  The Court agrees with

19  defendants that plaintiff's First Amendment arguments are not at the core of the instant case.

20      The election rule protects efficient and orderly operation of essential union business.

21  Union members come to the Union Hall for meetings, to receive jobs or training, to pay dues, or

22  to visit a business agent about a complaint or grievance against their employer.  Allowing an

23  unlimited number of candidates to campaign at the same time, could easily disrupt this business,

24  especially considering that many candidates will be campaigning against each other for the same

25

ORDER
26  PAGE – 2

1   positions, and vying for every member's individual attention.  Indeed, the Ninth Circuit Court of

2   Appeals has upheld similar rules banning campaigning on union property during business hours.

3   *See Laborers Union Local 324 v. NLRB*, 123 F.3d 1176, 1178 (9th Cir. 1997) (upholding a rule

4   that banned solicitation and distribution of literature for any cause on union property during

5   business hours).  The Court also agrees that the rules eliminate the potential for preferential

6   treatment of incumbent candidates over insurgent candidates.

7        Finally, the IBEW has provided numerous alternative campaign opportunities, including

8   mailing services, e-mail access, literature distribution on a table at the union office, a 500-word

9   essay distributed at IBEW expense to all union members, and a candidate forum night where

10  plaintiff will be able to talk to, meet and interact with union members.

11       (2)  The Court finds that a preliminary injunction pertaining to Joint Apprenticeship

12  Training Center ("JATC") is not appropriate.  Besides the fact that plaintiff has provided no

13  evidence demonstrating that the union is "using its authority" to prevent campaigning on JATC

14  property, plaintiff also fails to respond to defendant's argument that the JATC is an independent

15  Taft Hartley Trust, and not a party to this case, and therefore, cannot be subject to injunctive

16  relief.

17       (3)  Defendants' request to strike the affidavits of Paff and Benson, which were presented

18  by plaintiff in support of his reply (Dkt. #21) is STRIKEN AS MOOT in light of the ruling on

19  plaintiff's motion for preliminary injunction.

20       (4)  The Clerk is directed to forward a copy of this Order to all counsel of record.

21       DATED this __10__ day of May, 2005.

22

23                                                    RICARDO S. MARTINEZ
                                                      UNITED STATES DISTRICT JUDGE

24

25

26  ORDER
    PAGE – 3